IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SAMUEL HENRY CLAY OWEN, III, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAPITAL ONE, NATIONAL ) <br> ASSOCIATION and SYNCHRONY ) <br> BANK, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE NO. <br> _____ |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Samuel Henry Clay Owen, III respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Mr. Owen is an individual and a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant Capital One, National Association ("Cap One") is a federal bank. Cap One transacts business in the State of Georgia and is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm statute. Cap One may be served with process by serving its registered agent, Corporation Service Company, at 100 Shockoe Slip, Fl. 2, Richmond, Virginia 23219-4100.

3. Defendant Synchrony Bank ("Synchrony") is also a federal bank. Synchrony transacts business in the State of Georgia and is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm statute. Synchrony may be served with process by serving its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

5. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b).

## Factual Background

6. In 2006, Mr. Owen opened a revolving credit card account at J.C. Penny's (the "JCP Account"). Mr. Owen opened the JCP Account on site at a J.C. Penney's department store in Michigan and worked with the customer services representatives at the store to do so. The JCP Account was a "closed loop" charge account with Defendant Synchrony.

7. In 2007, Mr. Owen opened a revolving credit card account at Kohl's Department Store (the "Kohl's Account"). Mr. Owen opened the Kohl's Account on site at a Kohl's department store in Michigan and worked with the customer

services representatives at the store to do so. The Kohl's Account was a "closed loop" charge account with Defendant Cap One.

8. At the time Mr. Owen opened the Accounts, he resided in Southfield, Michigan.

9. Mr. Owen's wife, Cynthia Ione Owen, was an authorized user on both the JCP and Kohl's Accounts.

10. Although the JCP and Kohl's Accounts were in Mr. Owen's name, Ms. Owen was the primary user of those Accounts and made most of the charges to the Accounts.

11. In 2017, Mr. Owen filed a petition for divorce against Cynthia Ione Owen.

12. On April 17, 2017, Mr. Owen's petition for divorce was granted, and a Consent Judgment of Divorce was entered in the Oakland County Circuit Court – Family Division, State of Michigan (the "Consent Judgment").

13. Under the terms of the Consent Judgment, all debt on the JCP and Kohl's Accounts was the responsibility of Cynthia Ione Owen.

14. Mr. Owen was aware that, notwithstanding the terms of the Consent Judgment, he was still liable on the JCP and Kohl's accounts, since they were in his name.

15. So, shortly after the Consent Judgment was entered, in April or May 2017, Mr. Owen went to J.C. Penney's and Kohl's department stores located in Michigan to close the JCP and Kohl's Accounts.

16. Mr. Owen wanted to close the JCP and Kohl's Accounts because (i) he did not want his ex-wife to be able to continue to make charges to the Accounts and (ii) he did not use the Accounts very much and did not need them.

17. Mr. Owen met, in person, with customer service representatives at the J.C. Penny and Kohl's department stores and asked that the Accounts be closed for the reasons stated above.

18. In response, the customer service representatives assured Mr. Owen that the Accounts were closed as he had requested.

19. From that day forward, Mr. Owen believed that the Accounts were closed and that his ex-wife could no longer make charges on the Accounts.

20. In May 2017, Mr. Owen moved to Georgia to live with his daughter and her family. Mr. Owen has resided in Georgia at all times since.

21. In compliance with the Consent Judgment, Mr. Owen's ex-wife paid all balances on the Accounts that existed as of the day the Consent Judgment was entered, thereby satisfying and extinguishing all debts that Mr. Owen owed to Synchrony and Cap One on the Accounts.

22. However, unbeknownst to Mr. Owen, the Accounts were not closed, as he had requested. Instead, those Accounts remained open and his ex-wife continued to make charges to the Accounts.

23. Mr. Owen did not receive statements reflecting the post-divorce charges that his ex-wife made to the Accounts because, as noted above, he had moved to Georgia soon after requesting that the Accounts be closed in 2017.

24. In late 2021, Mr. Owen checked his credit reports and realized that the Accounts had not been closed as he had requested, but were still open, and that his ex-wife was still making charges to the Accounts.

25. Mr. Owen immediately contacted Defendants, informed them that the Accounts were or should have been closed years ago, that he did not make or authorize the charges to the Accounts after May 2017 and that he was not responsible for the balances allegedly due on the Accounts.

26. The customer service representatives with whom Mr. Owen spoke assured him that they would promptly investigate the matter and get back to him with the results of their investigations.

27. As a result of reviewing his credit reports, Mr. Owen also learned that Defendants had furnished inaccurate and derogatory information about him to the three national consumer reporting agencies: Equifax, Experian and Trans Union

(collectively, the "CRAs"), reporting that there were material balances on the Accounts and that he was responsible for paying them.

28. In an effort to correct the inaccurate and derogatory information that Defendants had furnished to the CRAs regarding the Accounts, Mr. Owen exercised his rights under 15 U.S.C. §§ 1681i(a) and 1681s-2(b) by disputing that information with the CRAs (the "Disputes").

29. In compliance with 15 U.S.C. § 1681i(a), the CRAs were required to and did provide notice of Mr. Owen's Disputes to Defendants.

30. Upon receipt of notice of the Disputes from the CRAs, Defendants were required to conduct a reasonable reinvestigation of the Disputes in compliance with 15 U.S.C. § 1681s-2(b).

31. Defendants failed to conduct a reasonable reinvestigation of the Disputes by *inter alia*, (a) failing to consider all information that Mr. Owen provided with his Disputes, (b) failing to investigate whether Mr. Owen had, indeed, asked that the Accounts be closed in 2017, (c) failing to determine who had made the disputed charges, and (d) failing to determine the location(s) and stores at which the disputed charges were made.

32. Following Defendants' negligent and/or willful failure to conduct reasonable reinvestigations of the Disputes, Defendants informed the CRAs that the information they had furnished to regarding the Accounts was accurate.

33. Thus, inaccurate and derogatory information remained on Mr. Owen's Equifax, Experian and Trans Union consumer reports, including information that the Accounts were past due and otherwise in a derogatory status.

34. As a proximate result thereof, Mr. Owen has suffered actual damages, including but not limited to credit denials and emotional distress such as humiliation and embarrassment, frustration and anxiety over his inability to obtain additional credit.

## Count 1 – Violation of 15 U.S.C. § 1681s-2(b) by Defendants

35. Defendants negligently, or in the alternative recklessly and/or willfully, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of the Disputes as alleged in Paragraph 31 above.

36. As a proximate result thereof, Mr. Owen has suffered and is entitled to recover actual damages as alleged in Paragraph 34 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

37. As a result of Defendants' reckless and willful violations of 15 U.S.C. § 1681s-2(b), Mr. Owen is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

38. As a result of Defendants' reckless and willful violations of 15 U.S.C. § 1681s-2(b), Mr. Owen is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

39. Mr. Owen is also entitled to recover his costs of this action and reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Mr. Owen respectfully prays that the Court:

1. Issue process to Defendants;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Mr. Owen as consistent with the jury's verdict; and,

4. Grant Mr. Owen such other and further relief as it deems just and necessary.

This 30th day of October, 2023.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC**<br>1872 Independence Square, Suite D<br>Dunwoody, Georgia 30338 | */s/ Craig E. Bertschi*<br>Craig E. Bertschi<br>Georgia Bar No. 055739<br>ceb@mcraebertschi.com<br>678.999.1102<br><br>Charles J. Cole<br>Georgia Bar No. 176704<br>cjc@mcraebertschi.com<br>678.999.1105<br><br>*Counsel for Plaintiff* |